■ HERMAN LEIMZIDER et al., Respondents, v. NATHAN HALLOF, Appellant. — In an action by vendees for specific performance of a contract to sell real property, defendant appeals from (1) a resettled judgment of the Supreme Court, Kings County, entered August 13, 1973, which, after a nonjury trial, granted plaintiffs such relief, and (2) from two orders of the same court, entered September 24, 1973 and October 31, 1973, respectively, the first denying defendant's motion for a new trial and the second adhering to said denial of a new trial. Resettled judgment reversed, in the interests of justice, without costs, and new trial granted. Appeals from orders dismissed as moot, without costs. The interests of justice require the granting of a new trial, at which defendant's committee will have an opportunity to present evidence to establish its alleged affirmative defense of defendant's incompetence at the time the contract was made. Shapiro, Acting P. J., Cohalan, Christ, Brennan and Benjamin, JJ., concur.

■ MARTIN ENTERPRISES, INC., Respondent, v. M. S. KAPLAN Co., Appellant, et al., Defendant.— In an action to recover damages for intentional interference with and inducement to breach contractual relationships, defendant M. S. Kaplan Co. appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County, entered October 5, 1973, as denied the branch of a motion by said defendant which was to vacate an order of attachment. Order reversed insofar as appealed from, with $20 costs and disbursements; motion granted to the extent of vacating the order of attachment, directing the Sheriff of the City of New York to refrain from taking any further action thereunder, and ordering that, upon service upon the Sheriff of the City of New York of a copy of the order to be made hereon, the attached property of defendant M. S. Kaplan Co. shall be released by said Sheriff from the attachment and delivered by him or the United States Steel Corporation and Republic Steel Corporation, the garnishees upon whom levy has been made, to said defendant or its duly authorized agent. The affidavits, complaint and exhibits establish nothing more than that appellant held a controlling number of shares in the corporation with which plaintiff contracted. There is not the least bit of evidence to establish the commission of the intentional torts pleaded. Therefore, the attachment must be vacated (*Stines* v. *Hertz Corp.,* 22 A D 2d 823). Shapiro, Acting P. J., Cohalan, Christ, Brennan and Benjamin, JJ., concur.

■ DENNIS J. MAYNARD et al., Appellants, v. WALTER W. WIGDZINSKI et al., Respondents.— In a negligence action to recover damages for personal and property injuries, plaintiffs appeal from a judgment of the Supreme Court, Nassau County, entered October 3, 1973, in favor of defendants, upon the trial court's dismissal of the complaint at the end of plaintiffs' case upon a jury trial. Judgment reversed, on the law, and new trial granted, with costs to abide the event. No questions of fact were presented on this appeal. Factual issues were presented at the trial and therefore the complaint should not have been dismissed as a matter of law. Shapiro, Acting P. J., Cohalan, Christ, Brennan and Benjamin, JJ., concur.